UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Nancy Pratt

        v.                          Case No. 19-cv-834-SM

Town of Kingston and
Fred Smith

## REPORT AND RECOMMENDATION

Plaintiff Nancy Pratt, appearing pro se, seeks monetary, declaratory and injunctive relief against the Town of Kingston, New Hampshire ("the Town") and its tax assessor, Fred Smith. Pratt claims the defendants violated her state and federal statutory and constitutional rights by improperly assessing her garage for purposes of calculating local property taxes. The district judge has referred the defendants' motions to dismiss (Doc. Nos. 11 & 14) the undersigned magistrate judge for a report and recommendation. See Referral Order, Nov. 7, 2019. For the reasons that follow, the district judge should dismiss this case because the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), deprives this court of subject matter jurisdiction.

## I. Background

The court takes the following facts from plaintiff's complaint. (Doc. No. 1). Plaintiff has owned a condominium in

Kingston since March 2017. Given its poor condition, she purchased the condominium as a "fixer-upper." The property included a free-standing garage, which is unfit for that use. Prior to being converted into a garage in 2003, the space had been equipped with a bathroom, kitchen and septic tank. While plaintiff has made improvements to the condominium's living area, she has made no improvement to the garage.

Upon moving into the condominium, Pratt noticed that the garage was being taxed at 100% of its valuation, based on being categorized as "finished first floor" residential living space (zoned for mixed use). The tax rates for garages in Kingston, however, are between 25% and 45%. The difference between the two rates results Pratt's property tax increasing by approximately $3000.

In April of 2017, Pratt contacted defendant Smith, who viewed the property and examined the condominium bylaws, which, since 2003, prohibited residential use of the garage structure. Smith agreed to change the assessment to reflect that it was a garage in "poor" condition. Although Smith told Pratt that "poor" was the lowest possible rating he could give a property, Pratt alleges that the garage should be rated "functionally obsolete," because it is not even fit for use as a garage.

Despite Smith's assurances, Pratt's next tax bill showed the property still being taxed at 100% of its valuation. When

contacted by phone, Smith was very short with Pratt and informed
her that her property assessment had been decreased (he changed
its condition to 'poor').  When reminded about the condominium
documents and his agreement that the building was a "garage,"
Smith rudely stated that he "remembered" Pratt, and made a
derogatory remark about her being from Massachusetts.  He
refused to consider correcting his assessment to reflect that it
was a garage.

       In 2018 plaintiff filed a property tax abatement
application with the Town of Kingston.  Smith recommended
denying the petition, writing that "The applicant has failed to
provide any information to demonstrate an over assessment of the
parcel."  Even though the town officials had the condominium
documents in its possession, Smith added that "[n]o
documentation . . . has been furnished to dispute the Town's
current assessed value."  The Town subsequently denied Pratt's
abatement request and her appeal of that denial.  In denying the
appeal, the Town indicated that Pratt had "not shown evidence
that this building cannot be used as office or residential space
by being denied a permit, have not made changes to the building,
or otherwise successfully shown that the value is incorrect . .
. ."  In accordance with the denial of her appeal, Pratt applied
for a permit to obtain the residential use she was being taxed
for on her garage.  She was informed that her only option was to

3

apply for a variance/exception under the Town's Accessory
Dwelling Unit provision, which took effect in 2017.  The zoning
board eventually denied her residential use permit.  Pratt's
appeal to the state superior court was denied as untimely.
Smith did not change his assessment following the zoning board's
decision; he upgraded the condition of the garage from poor to
fair, increasing its assessment.  This lawsuit followed.

Pratt asserts that the defendants violated her rights under
the Fourteenth Amendment of the United States Constitution and
Articles 1 and 2 of the New Hampshire Constitution.  She seeks
reimbursement of the allegedly disproportionate taxes the Town
collected on her property and the costs she incurred in trying
to change the property's tax status.  In addition to seeking
monetary damages, Pratt seeks a declaration that the Town is
disproportionately taxing her property and an injunction
preventing the Town from continuing to do so.

## III. Analysis

Relying on Pratt's unsuccessful attempts to appeal her
property tax assessment in state court, both defendants argue
that the doctrine of res judicata bars plaintiff's lawsuit.  The
Town also asserts that the suit is barred by the Rooker-Feldman

doctrine.[1]  Each of these defenses requires the court to examine the precise contours of the previous state court litigation. Whatever the merits of defendants' arguments, the court need not address them because it is readily apparent from the face of the complaint that the TIA – which the defendants have not raised -- deprives this court of subject matter jurisdiction.  See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) (observing that federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3).

The TIA "provides that federal district courts 'shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.'"  Direct Mktg. Ass'n v. Brohl, 135 S. Ct. 1124, 1129 (2015) (quoting 28 U.S.C. § 1341).  For that reason, federal courts lack jurisdiction to entertain suits that implicate the bar imposed by the TIA. Pleasures of San Patricio, Inc. v. Mendez-Torres, 596 F.3d 1, 5 (1st Cir. 2010).

---

[1] Under the Rooker-Feldman doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." D.C. Ct. App. v. Feldman, 460 U.S. 462, 467 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923).

Here, Pratt indisputably seeks an order "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of [a] tax." It is equally indisputable that New Hampshire provides "plain, speedy, and efficient" remedies for violations of federal rights arising from the levying and collection of state taxes, see Chasan v. Village Dist. of Eastman, 572 F. Supp. 578, 583 (D.N.H. 1983) (aff'd without opinion, 745 F.2d 43 (1st Cir. 1984)). The court is therefore without subject matter jurisdiction over plaintiff's claim for injunctive relief. 28 U.S.C. § 1341; Rosewell v. LaSalle Nat'l. Bank, 450 U.S. 503, 528 (1981) (holding Tax Injunction Act applicable to suit seeking an injunction to prevent county treasurer from selling plaintiff's property to satisfy unpaid property taxes). Pratt's claim that the defendants violated her constitutional rights do not save her claim. See Smith v. Ayotte, 356 F. Supp. 2d 9, 12 (D.N.H. 2005) (DiClerico, J.) ("'It is well settled that allegations of deprivations of constitutional rights do not render the [Tax Injunction] Act inapplicable.' ") (quoting Schneider Transport, Inc. v. Cattanach, 657 F.2d 128, 131 (7th Cir. 1981)); Kane v. Town of New Ipswich, Civ. No. 16-cv-123-LM, 2016 WL 4148232 (D.N.H. Aug. 4, 2016) (relying on TIA to dismiss suit challenging classification and assessment of plaintiff's property for tax purposes). Nor does Pratt's claim for damages under § 1983 bring this case within the court's subject matter

6

jurisdiction.  See Tomaiolo v. Malinoff, 281 F.3d 1, 6-7 (1st Cir. 2002) (citing Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981) ("[plaintiff] cannot obtain damages for the administration of a state tax system under § 1983, even though that administration may have violated federal law, so long as state law provides her a plain, complete, and adequate remedy.")).


## IV. Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge dismiss this case for lack of subject matter jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

November 14, 2019

cc:  counsel of record